UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MALINKA TACUMA WADE MOYE,

    Plaintiff(s),

vs.

DERRICK COLLINS, VINCE COLLINS, et al.,

    Defendant(s).

No. CV 09-3893 MHP

**ORDER DENYING IN FORMA PAUPERIS APPLICATION AND DISMISSING COMPLAINT**

Plaintiff has filed this action against eight individual defendants making allegations that sound in diversity jurisdiction, but, aside from a claim for intentional tort, alleges claims under various federal statutes, most of which are federal criminal statutes. The "facts" alleged in the complaint are contained in one paragraph consisting of short, incomplete sentences. They claim defendants were never prosecuted for a death and imprisonment, an illegal transfer of an estate, and conspiracy to murder, all aided by San Francisco courts, criminal judges, its Sheriff and Police Department, and the office of the Public Defender.

Other than these brief assertions there is nothing in the complaint that states when events occurred giving rise to plaintiff's claims, where they occurred or how plaintiff has any basis for bringing these claims. Other than the diversity amount alleged there are no facts that set forth the citizenship of the various parties such that diversity jurisdiction can be determined. The federal

1

statutes are not ones that give rise to private civil claims. Thus, the complaint fails to show either diversity or federal question jurisdiction on its face and this court lacks jurisdiction over plaintiff's claims.

Furthermore, the complaint in this case is incomprehensible. Despite the recitation of a list of violations and offenses there is nothing that tells the court the nature of each, or any of the claims. Plaintiff provides no short and plain statement of any claim or a statement as to what relief she may be entitled to. Plaintiff states no basis for a cognizable federal claim.

The district court may deny in forma pauperis status and dismiss a complaint sua sponte if federal subject matter jurisdiction is lacking or if the complaint is frivolous. See 28 U.S.C. §1915(e)(2). A complaint is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989)(found to be superseded on other grounds by reason of adoption of section 1915(e) which makes dismissal for failure to state a claim mandatory), see, e.g., Lopez v. G.A.Smith, 203 F.3d 1122, 1126 (9thCir.2000); Cruz v. Gomez, I/O, 202 F.3d 593, 596 (2dCir.2000).

Where a complaint fails to state "any constitutional or statutory right that was violated, nor asserts any basis for federal subject matter jurisdiction", there is no "arguable basis in law" under Neitzke and the court on its own initiative may decline to permit the plaintiff to proceed and dismiss the complaint under section 1915(d). Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995).

Furthermore, where the complaint alleges facts that are "clearly baseless", "fanciful", or "delusional" it may be dismissed as frivolous. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 1733 (1992)(also found superseded in that dismissal was within discretion of district court under section 1915(d)) and now, under section 1915(e)(2) dismissal is mandatory, see Cruz v. Gomez, 202 F.3d at 596. If the pro se plaintiff can cure the factual allegations in order to state a claim, the court may give him or her leave to do so. However, if repleading cannot cure the deficiencies the court may dismiss without leave to amend and even dismiss with prejudice. See Cato v. United States, 70 F.3d at 1106.

1   The court fails to see how plaintiff could state any claim that would amount to a plausible
2 claim or one over which the court would have jurisdiction. Therefore, the application to file <u>in</u>
3 <u>forma</u> <u>pauperis</u> is DENIED and the complaint is DISMISSED. The Clerk of Court shall close the
4 file.
5   IT IS SO ORDERED.

8 Date: <u>September 9, 2009</u>

MARILYN HALL PATEL
United States District Court Judge